## Case No. 14,841.

UNITED STATES v. COLUMBUS.

[5 Cranch. C. C. 304.] [1]

Circuit Court, District of Columbia. March Term, 1837.

KEEPING DISORDERLY HOUSE—INDICTMENT—EVIDENCE—TRIAL—INSTRUCTIONS.

1. An indictment. charging that the defendant kept "a certain unlawful, disorderly, and ill-governed house." "as a common tavern." "without license," "and kept a common tippling house." and therein openly sold spirituous liquors to all persons calling for the same, and allowed the same to be drunk in and about the house at all times both at day and night and on Sundays and permitted certain idle and ill-disposed persons to assemble and continue drinking and tippling. to the common nuisance. &c., is a good indictment. at common law. for keeping a disorderly house.

[Cited in Northern Pac. R. Co. v. Whalen, 149 U. S. 157. 13 Sup. Ct. 824.]

2. And evidence. that the defendant kept an open house for selling spirituous liquors. and that such liquors were sold to other persons than boarders and lodgers, and that the house was kept open, and such liquors there sold, on Sundays and at late hours of the night. that

1 [Reported by Hon. William Cranch, Chief Judge.]

(Case No. 14,841) U. S. v. COLUMBUS

persons intoxicated were seen in and coming out of the house drunk and disorderly, is sufficient to support the indictment.

3. The court will not permit counsel to argue to the jury against an instruction given in the cause.

[Cited in Stettinius v. U. S., Case No. 13,-387.]

The indictment [against Charles Columbus] was in these words: "District of Columbia. Washington county, to wit: The jurors of the United States for the county aforesaid upon their oath present, that Charles Columbus, late of the county aforesaid, yeoman, on the fifteenth day of December, in the year of our Lord eighteen hundred and thirty-six, at Washington county aforesaid, and on other days and times between that day and the day of taking this inquisition, with force and arms. kept a certain unlawful, disorderly, and ill-governed house in the city of Washington. in the said county, as a common tavern, without any lawful authority or license therefor,. did take upon himself to keep and maintain: and the said house did then and there, at the days and times aforesaid, keep as a common. tippling-house; and did therein openly sell. spirituous liquors to all persons calling for the same, and allow the same to be drunk by such persons. in and about his said house at all times, both at day and at night, and on all days, both Sundays and other days; and did permit certain idle and ill-disposed persons, to the jurors aforesaid unknown, to assemble together in his said house, and then and there continue drinking and tippling, to the common nuisance of the good people of the United States. to the evil example of all others, the corruption of the public morals. and against the peace and government of the United States. F. S. Key, United States Attorney, D. C."

To this indictment the defendant demurred, first, because it does not aver that the defendant kept a common disorderly house; and, second, because it charges the keeping a tavern without license, but does not aver that he kept a common tavern. All the precedents. the defendant's counsel said, use the word. "common;" a single instance of disorder is not sufficient. Reg. v. Pierson, 2 Ld. Raym. 1197; 3 Chit. Cr. Law. 678; 1 Russ. Cr. 300.

Mr. Key, U. S. Atty., contra, contended that it was sufficiently averred to be a common disorderly house. The indictment charges that the defendant undertook to keep a disorderly house as a common tavern without authority therefor, and did keep the same as a common tippling-house, and therein sold spirituous liquors to all persons calling for the same, to be drunk in and about the house at all times. day and night. Sundays and other days; and permitted idle and ill-disposed persons there to assemble and continue drinking and tippling to the common nuisance. &c. The offence charged is the keeping of a common disorderly tippling-house.

THE COURT (CRANCH. Chief Judge,

doubting) overruled the demurrer; being of opinion that it sufficiently appears in the indictment, that the offence charged is the keeping of a common disorderly house.

Upon the trial, Mr. Key prayed the court to instruct the jury, that if they believe, from the evidence, that the defendant kept an open house in the city of Washington for selling spirituous liquors, and that such liquors were sold and drunk in the said house to other persons than boarders and lodgers; and that the said house was kept open on Sundays, and such liquors there sold and drunk by such persons on Sundays, and also at late hours of the nights both of Sundays and other days; and that persons intoxicated were seen in said house and coming out of said house at late hours of the night, drunk and disorderly, such evidence is sufficient to support the indictment.

Which instruction THE COURT gave, having yesterday, in the absence of CRANCH, Chief Judge, given a similar instruction in the case of U. S. v. Bede, published in the National Intelligencer of the 23d of June, 1837.[1]

W. L. Brent, for defendant, being about to argue to the jury against the instruction just given, was stopped by the Chief Judge, and informed that the court could not permit him to argue the point of law to the jury against the instruction which the court had given to them.

Mr. Brent contended, that as he had not asked the opinion of the court upon that point, he was not precluded from arguing it to the jury. That in criminal cases the jury are judges of the law as well as of the fact, and, therefore, the law ought to be argued to them.

CRANCH, Chief Judge, observed, that this court had always refused to permit counsel to argue the question of law after it had been decided by the court, in the cause. That the jury has a right to find a general verdict, which includes the question of law as well as of fact; but the jury has no right to decide the question of law, disconnected from the fact. That this point had been decided early in the existence of this court, upon full argument; and that such had been the uniform decision

[1] In the case of the U. S. v. Bede [Case No. 14,558] the indictment was in the same form as that of U. S. v. Columbus. The following is the instruction moved by Mr. Key, and given by the court in the absence of Cranch, C. J.: "That if the jury believe from the evidence that the traverser kept a public and open shop in this city in which he sold liquors to persons not lodgers or boarders in his house, at times to persons who were drunk, at times to persons who came in drunk, and drank there, and went out drunk; sometimes to persons who came out and went away from his house in a noisy manner and sky-larking in the streets; that his shop was generally kept open on Sundays, and that persons; not lodgers or boarders, bought and drank spirituous liquors in the shop, on Sundays; and that he had no accommodations for travellers or boarders, neither beds nor stables for such accommodation; and that he had no license for keeping a public house from the corporation; then the charge of the indictment is sustained."

and practice of the court from its commencement, more than thirty years ago.

Mr. Brent then prayed the court to instruct the jury, that notwithstanding they might be of opinion, from the evidence, that the tavern of the defendant was kept open on Sunday, the selling of liquor (in a legal point of view) upon Sunday, is no more an offence for which the defendant could be indicted than the selling upon any other day, according to the laws and constitution of Maryland as in force in this part of the District of Columbia.

Which instruction THE COURT (THRUSTON, Circuit Judge, absent) refused to give.

Verdict, guilty.